## Weekly Report of NEW CASES DOCKETED

Cleveland Household Sup. Co. v. Burke.......... 20058

Elbert Beach Co. v. Diamond Glass Co. et........ 20057

State ex Stivers v. Dawley..................... 20059

### AUG. 10, 1926

20057—Elbert Beach Co. v. Diamond Glass Co. et.; motion for Lorain Appeals to certify. Day & Day, Cleveland, for pltf.; Thompson, Hine & Flory, for deft.

20058—Cleveland Household Supply Co. v. Anna Burke; motion for Cuyahoga Appeals to certify. Bernsteen & Bernsteen, Cleveland, for pltf; Vickery and Vickery, Cleveland, for deft.

### AUG. 14, 1926

20059—State of Ohio ex rel E. B. Stivers v. W. H. Dawley; motion for Brown Appeals to certify. E. B. Stivers and Fite & Fite, Georgetown, for pltf; Young & Barnum and Bagby & Bagby, Georgetown, for deft.

### COMMON PLEAS COURT

### No. 682

### In Re SEYMOUR MALCHIN, ex parte

### Hamilton Common Pleas

### No. 201456

340. CUSTODY—The order of a court in a habeus corpus proceeding for custody of a child, must have sole reference to the best interests of the child; and neither parent has any right in conflict with its welfare.

ROETTINGER, J.

This was an ex parte proceeding instituted in the Hamilton Common Pleas for the purpose of determining which parent of Seymour Malchin was entitled to the custody of said child. The court in rendering its decision held:

1. The authorities, upon the general question of habeus corpus where the rights of children are involved, hold:—in case of an infant of an age incapable of determining what is best for itself, the court or officer makes the determination for it; and in so doing the child's welfare is the chief end in view.

2. The order of the court must have sole reference to the best interests of the child and neither parent has any rights in conflict with its welfare.

3. The interest of minors is paramount to the comity existing between the states and even to the full faith and credit clause of the Federal constitution. OA., 3 Abs. 213.

4. The Jewish Social Service Bureau of Chicago having had this case under observation advised the court to the effect that the home maintained by the mother was proper, clean and decent, although somewhat crowded; and that Mrs. Malchin is herself a woman of good character.

5. The welfare of this child will best be served by leaving him in the custody of his mother; but the father shall be permitted to see him at all reasonable times, and this privilege extends to the parents of said father.

Judgment accordingly.

Attorneys—Benjamin P. Pink for petitioner; Bernard Kleiber & Charles H. Elstum for respondent; all of Cincinnati.

### FEDERAL COURT

### No. 683

### PITT CONST. CO. v. ALLIANCE (City)

### U. S. Appeals, 6th Circuit

### No. 4098. Decided April 9, 1926

27. ACTION—Where damages are sought for misrepresentation on plans, by which a contract was induced, theory of action not changed although damages are computed on the basis of compensation rates for extra work under the contract.

774. MISREPRESENTATION—City liable as for substantial misrepresentation where blue prints show that structure would be located with reference to existing ground surface and the distance from such surface to bottom was about nine feet instead of only three feet.

DENISON, C. J.

The city of Alliance made plans for increasing its waterworks by building, among other things, a new concrete basin. The bid of the Pitt Construction Co. having been accepted, a contract was made. From plans and specifications submitted to the company, it became apparent that certain excavations to the extent of nine feet in depth had to be made in order to support the exterior concrete walls of the basin below the original surface.

When the bottom of the basin was located, under the city engineer's directions, the company found the excavation to be about nine feet instead of three as shown by the plans. As a result of this the company claimed it incurred an extra expense of $9,000 in moving the dirt necessary to make the back-fill. A suit was brought in the District Court to recover this amount and some smaller items as damages resulting from misrepresentation of facts made by the city in its advertisement and specifications.